UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WESTWACKER K–PARCEL LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 05 C 4988 |
| | ) | |
| PACIFIC MUTUAL LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The following matter is before the court on Defendant's, Pacific Mutual Life Insurance Co. now known as Pacific Life Insurance Company ("Pacific"), Motion to Dismiss counts I and II of Plaintiffs', Westwacker K-Parcel LLC ("WKLLC") and Westwacker Holdings LLC ("WHLLC"), first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion is denied.

## BACKGROUND

Both WHLLC and WKLLC are limited liability companies, incorporated in Delaware, and authorized to do business in the State of Illinois. Pacific is a California corporation. We assume the truth of the following facts for purposes of this Motion.

In May 1987, Pacific loaned $6.3 million to Chicago Dock and Canal Trust, which was secured by real property in Chicago, Illinois.[1] The Loan was evidenced by a Note and Mortgage (collectively the "Loan Documents") as well as a Specific Assignment which collaterally assigned the existing lease on the property to Pacific.

Paragraph 17 of the Mortgage restricts the transfer of the loan to a third party by allowing a one-time only right of transfer to a third party *after* the 10th year of the loan to a creditworthy transferee for a fee of 1% of the outstanding principal. In 2003, WHLLC requested Pacific's consent to transfer the existing loan to WKLLC, an indirect subsidiary, who would shortly thereafter sell the property and reassign the loan to a third party. On March 25, 2005, Pacific agreed to the transfer and signed a Consent Agreement evidencing such. Paragraph 8 of said agreement provides that "the provisions of Paragraph 17 of the Mortgage . . . shall remain in full force and effect following this Consent." Plaintiffs allege said language preserved the 1% transfer right provided under Paragraph 17 of the Mortgage despite the transfer to WKLLC. Consequently, Plaintiffs allege Pacific was still under an obligation to not unreasonably withhold its consent from WKLLC's future sale or transfer of the Mortgage.

---

[1] For the purposes of this Motion, we assume that WHLLC was at one time Chicago Dock and Canal Trust even though the parties' submissions are silent on the matter.

Plaintiffs then invested $5 million in the existing property, as well as an adjacent property, to make improvements and bring the properties into compliance with various statutory and regulatory requirements. Subsequently, Plaintiffs negotiated with a Developer to sell the property and reached an agreement contingent upon Pacific's consent. Both the Developer and the Plaintiffs requested Pacific's permission to transfer the Loan, but Pacific denied both requests.

Plaintiffs allege that Pacific's denial caused the Developer to lower his purchase price from $9.5 million to $9 million, which they were consequently forced to accept. Pacific then refused to permit the transfer of the loan to the Developer unless WKLLC (1) paid a $2,551,767.19 premium and (2) fully released all claims against Pacific in writing. In addition, Pacific required that Plaintiffs pay (1) $36,583.10 in interest and (2) $19,995.50 in legal fees.

WKLLC objected to Pacific's demands and insisted that Pacific had no contractual right to any unearned interest, release from claims, or legal fees, and therefore the premium qualified as an illegal and unenforceable prepayment penalty. On February 26, 2004, despite disputing said fees, WKLLC agreed to pay the charges but withheld the right to bring an action to contest them and the property was transferred to the Developer.

On August 25, 2005, Plaintiffs filed a four count complaint initiating this suit against Pacific. On October 31, 2005, Plaintiffs filed their first amended complaint consisting of two counts: 1) breach of contract by Pacific and 2) a request for a declaratory judgment that the prepayment premium was unreasonable. Pacific now brings the instant Motion to Dismiss Plaintiffs' first amended complaint in its entirety.

## **LEGAL STANDARD**

When considering a 12(b)(6) motion to dismiss, a court evaluates the legal sufficiency of a plaintiff's complaint, not the merits. Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). We must accept all well-pleaded allegations as true and will not dismiss a case for failure to state a claim unless the plaintiff cannot prove any facts sufficient to support his claim. Conley, 355 U.S. at 45-46. All inferences are to be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp., 176 F.3d 971, 978 (7th Cir. 1999). To survive a motion to dismiss, a plaintiff need only provide a "short and plain statement" under Rule 8(a)(2); the particulars of the claim are not required. Midwest Gas Servs. v. Ind. Gas. Co., 317 F.3d 703, 710 (7th Cir. 2002). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts setting forth the essential elements of the cause of action. Doherty v. City of Chi., 75 F.3d 318, 326 (7th Cir. 1996).

**DISCUSSION**

For the most part, Defendant's arguments in support of its Fed. R. Civ. Proc. 12(b)(6) motion ask that we make factual determinations which are inappropriate for us to make. As previously stated, the depth of our review under such a motion is confined to assessing whether plaintiffs have posited adequate facts to place defendants on notice of their asserted causes of action. Accordingly, we address each count under that standard.

## *I. Count I: Breach of Contract*

To properly plead a breach of contract action under Illinois law, plaintiffs must sufficiently set forth: "(1) the existence of a valid and enforceable contract; (2) their own performance under the terms of the contract; (3) a breach of the contract by the defendant; and (4) an injury suffered as a result of the defendant's breach." Petri v. Gatlin, 997 F. Supp. 956, 964 (N.D. Ill.1997). Pacific insists that Plaintiffs failed to adequately plead the third element. In contrast, Plaintiffs contend that Pacific breached the loan agreement in two respects: 1) by denying the transfer to the Developer and 2) in forcing payment of allegedly unowed attorneys' fees and interest prior to its consent to said transfer. We address each of Plaintiffs' arguments in turn.

In support of the their first argument, Plaintiffs maintain that Paragraph 8 of the Consent Agreement made clear that the transfer from WHLLC to WKLLC was to take

place without extinguishing the 1% transfer right provided for under Paragraph 17 of the Mortgage. Pacific maintains that the loan documents, on their face, are clear that there was to be only one 1% transfer, that the transfer to WKLLC constituted such, and therefore the denial of the transfer to the Developer was not a breach of the Loan Agreement. Further, Pacific maintains that the Consent Agreement did not provide that Paragraph 17 would not be triggered by the transfer to WKLLC as Plaintiffs claim.

When interpreting a contract under Illinois law, a court must first decide whether the contract language is ambiguous; this is a question of law. Metalex Corp. v. Uniden Corp. of America, 863 F.2d 1331, 1333 (7th Cir.1988); General Elec. Capital Corp. v. Equifax Services, Inc., 797 F. Supp. 1432, 1447 (N.D. Ill.1992). An ambiguity exists when, given the common and generally accepted meaning, the contract language can be subject to more than one reasonable interpretation. Id. The mere fact that the parties disagree on the proper construction of a contract will not render it ambiguous. MacDonald-Smith v. FMC Corp., 713 F. Supp. 264, 268 n.2 (N.D. Ill.1989), aff'd, 902 F.2d 37 (7th Cir.1990). Contracts must be interpreted as a whole, and it is presumed that all provisions were inserted for a purpose. Gleicher, Friberg & Assoc., M.D., S.C. v. University of Health Sciences, 166 Ill. Dec. 460, 466 (Ill. App.1991). A court has a duty to harmonize the provisions of a contract and to avoid construction that renders some provisions meaningless. Id. Where a motion to dismiss is based on the

interpretation of a contract which is attached to plaintiff's complaint, the complaint must be dismissed when the contract shows unambiguously on its face that the relief prayed for is not warranted. Goodman v. Bd. of Trustees of Cmty. Coll., 498 F. Supp. 1329, 1337 (N.D. Ill.1980).

Plaintiffs submit that nowhere in the Consent Agreement does it mention that the transfer from Holding to WKLLC was to constitute the 1% transfer under Paragraph 17 of the Mortgage and that such language is absent because the Parties understood that the 1% transfer was to take place later, when WKLLC transferred the loan to a third party. Plaintiffs further contend that this understanding was manifested in Paragraph 8 of the Consent Agreement which states that Paragraph 17, as well as corresponding portions of the Loan Agreement, were to "remain in full force and effect" in their entirety, and consequently the one-time transfer option was not exhausted by the transfer to WKLLC. In contrast, Pacific contends that said language never mentions that the transfer to WKLLC was exempt from constituting the 1% transfer under the Mortgage, and when reading both the Consent Agreement and the Loan Documents together, it is evident that it was never the intention of the Parties that such an exemption be created.

Pacific is correct that the Consent Agreement fails to explicitly carve out the exception Plaintiffs contend. However, because Paragraph 8 of the Consent Agreement

indicates that Paragraph 17 of the Mortgage was to "remain in full force and effect," we find that said language could reasonably be taken to mean that the 1% transfer right had not been exhausted. If that in fact is the correct interpretation, then it is possible, as Plaintiffs allege, that Pacific breached the Loan Agreement when it denied the transfer to the Developer. Consequently, Pacific's Motion to Dismiss Count I is denied as it pertains to the alleged breach resulting from its denial of the transfer to the Developer.

Next, Plaintiffs contend that Pacific breached the loan agreement by forcing payment of unowed attorneys' fees and interest, not supported by any provision in the Loan Agreement, prior to consenting to the transfer to the Developer. Pacific, in contrast, points to Paragraph 40 of the Mortgage which states in pertinent part:

> . . . in the event Mortgagor requests Mortgagee's consent to any act requiring Mortgagee's consent under the Note, this Mortgage or the Loan Documents, Mortgagor shall pay to Mortgagee a reasonable fee for the processing of such request, whether or not such consent is given and such fee shall be in addition to any other fee or charge provided for in the Note, this Mortgage or the Loan Documents.

Pacific contends that the fees charged fall under the reasonable processing fee umbrella provided for under Paragraph 40. Plaintiffs argue that nothing in the Mortgage provided for such fees. It is unclear after a cursory reading of the Loan Documents whether the interest and attorneys' fees constitute the reasonable fees contemplated

under Paragraph 40. Therefore, because it is undisputed that Plaintiffs allege Pacific breached the Loan Agreement by charging said fees, Plaintiffs' have put forth adequate allegations to meet Rule 8(a) requirements and, consequently, Pacific's Motion is denied.

## *II. Count II asking for a Declaratory Judgment*

Count II of Plaintiffs' first amended complaint alleges that the prepayment premium of over $2.5 million that Pacific demanded is an unenforceable penalty under Illinois law. According to Illinois law, a liquidated damages provision is valid if: 1) the parties intended to agree in advance to the damage settlement; 2) the actual damages from a breach would be uncertain and difficult to prove; and 3) the specified amount of damages is reasonable in light of the anticipated or actual loss to be caused by the breach. Grossinger Motor Corp., Inc. v. American Nat'l Bank and Trust Co., 240 Ill. App.3d 737, 749 (1st Dist. 1992). The parties do not dispute the first two elements, and therefore the success of Pacific's Motion depends solely on the third. In formulating a liquidated damages provision, "the parties are not required to make the best estimation of damages, just one that is reasonable." In re: Schaumburg Hotel Owner Ltd. P'ship., 97 B.R. 943, 953 (N.D. Ill. 1989).

Plaintiffs' contend that the Loss Yield Formula Pacific utilized to calculate the prepayment premium resulted in an unreasonable and "illegal" penalty because it failed

to take into account the time value of money. Pacific argues that there is no authority under Illinois law that requires a liquidated damages provision to account for the time value of money.

To determine whether the provision is in reality reasonable or not would require us to make factual determinations we are unprepared to make. Such a determination would stem from an inappropriate inquiry under the present Motion. Consequently, Plaintiffs state a claim for declaratory judgment on the issue pursuant to Rule 8(a)(2)'s requirements by setting forth adequate allegations that the prepayment premium was unreasonable. As a result, Pacific's Motion is denied as to Count II.

## **CONCLUSION**

For the reasons set forth above, Pacific's Motion is denied.

Charles P. Kocoras
_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  January 20, 2006