UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WESTWACKER K-PARCEL LLC, )
WESTWACKER HOLDINGS LLC, )
)
Plaintiffs, )
)
vs. ) 05 C 4988
)
PACIFIC MUTUAL LIFE )
INSURANCE CO., )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before this Court on Plaintiffs WestWacker K-Parcel LLC and WestWacker Holdings LLC (collectively, "WestWacker")'s motion to alter or amend this court's granting of summary judgment on Count I of WestWacker's Amended Complaint in favor of Defendant Pacific Life Insurance Co. ("Pacific"). For the following reasons, WestWacker's motion is denied.

## BACKGROUND

On May 29, 1987, Pacific made a loan (the "Loan") to Chicago Dock and Canal Trust ("Chicago Dock") for $6.3 million at 9.5% interest and took a security interest in Chicago Dock's property located at 505 North Peshtigo Court, Chicago, Illinois ("the Kraft parcel"). A Note, Mortgage, and Specific Assignment contained

the terms of the Loan between the parties. The expected maturity date for the Loan was April 1, 2016. The Loan was not assignable for the first ten years of its existence. However, after the expiration of the tenth year, the Loan could be assigned upon Pacific's consent. Pacific agreed not to "unreasonably withhold its consent to a single sale or transfer" upon payment of a fee of 1% of the outstanding principal balance (the "Transfer Right"). Additionally, after expiration of the tenth year, prepayment of the Loan was permitted upon payment of a premium "equal to the greater of: (I) the Loss of the Yield [defined separately] to the Lender for the period from the date of prepayment through the maturity date; and (II) one percent of the outstanding principal amount...as of the date of prepayment."

In the event of a sale or transfer of the Loan, Paragraph 17 of the Mortgage and a corresponding portion of the Note provided that the Mortgagor or its successor "shall have no further right to sell or transfer any interest described above without [Pacific's] consent which may then be withheld for any reason in [Pacific's] sole and absolute discretion."

Daniel E. McLean acquired Chicago Dock in the late 1990s and formed WestWacker. WestWacker is now owned and controlled by Mitsui Sumitomi Insurance Company ("Mitsui"), a Japanese corporation. In 2003, McLean entered into a deed in lieu of a foreclosure arrangement ("the Deed in Lieu Agreement") with Mitsui, whereby McLean conveyed the Kraft parcel to WestWacker. Under the terms

of the Mortgage and Note, this conveyance of the Kraft Parcel from McLean to Mitsui required Pacific's consent. On March 25, 2003, Pacific entered into a written Consent Agreement with Plaintiff WestWacker. The Consent Agreement provided, in relevant part, that:

> [Pacific] hereby agrees to consent...to the transfer of the Kraft Site...Pacific hereby agrees to waive the assumption fee of one percent (1%) of the outstanding principal balance of its loan to Chicago Dock in connection with the Consent given herein; provided, however, such waiver is on a one-time only basis and the provisions of Paragraph 17 of the Mortgage and the corresponding provisions of the Note shall remain in full force and effect following this Consent.

After obtaining Pacific's consent, Chicago Dock transferred the Kraft parcel as provided in the Deed in Lieu Agreement.

Less than a year later, on January 20, 2004, McLean sent Pacific a letter requesting that it agree to permit another McLean company, MCL CDC Land, LLC ("MCL CDC") to assume the Loan. That same day, Mitsui and WestWacker requested that Pacific allow the loan to be assigned as McLean requested or prepaid without any prepayment premium; Pacific denied both requests. Pacific explained that in accordance with the Mortgage and Note, it was now entitled to withhold its consent for this transfer for any reason because it had consented to the 2003 Loan transfer from Chicago Dock to WestWacker.

On October 31, 2005, WestWacker filed its Amended Complaint against Pacific, which stated two claims: (1) a breach of contract claim arising from Pacific's

refusal to consent to the transfer to MDL CDC and its calculation of the dispute charges, and (2) a request for a declaratory judgment that the prepayment premium was unreasonable.[1] Shortly thereafter, the parties filed cross-motions for summary judgment, which we considered in our September 11, 2007, Memorandum Opinion.

For purposes of WestWacker's Rule 59(e) motion to reconsider, it is only necessary to mention the first issue the parties presented on their cross-motions for summary judgment. While WestWacker contended that Pacific breached the contract by refusing to honor the second transfer to MCL CDC, Pacific argued that both parties understood that the first transfer from Chicago Dock to WestWacker exhausted the Transfer Right and that even if the Transfer Right was preserved, it did not repudiate that right or otherwise unreasonably withhold its consent to a transfer because it was concerned about the negative financial history of McLean.

In order to determine whether or not the Transfer Right had been exhausted, we looked at both the Note and Paragraph 17 of the Mortgage which states in relevant part:

> [Pacific] shall not unreasonably withhold its consent to a single sale or transfer (as opposed to multiple sales or transfers) of the above interest occurring after the expiration of the tenth Loan Year...if, as of the time of such sale or transfer, (x) the prospective purchaser satisfied [Pacific's] requirements for financial capacity, (y) the Kraft Lease remains in effect without default...or, if such lease is no longer in effect,

---

[1] In an August 30, 2007 Order, we dismissed Count II with prejudice after WestWacker withdrew its arguments in favor of Count II.

the annual net rental...is not less than 125% of the debt service due under the Note..., and (z) a fee of one percent of the then-outstanding principal amount is paid to Pacific. In the event Pacific consents to any such sale or transfer as provided above and such sale or transfer is consummated, thereafter, Mortgagor or its successor shall have no right to sell or transfer any interest...without Pacific's consent which may then be withheld for any reason, in Pacific's sole and absolute discretion.

We also considered the Consent Agreement, which the parties signed when Pacific consented to the first transfer of the Loan from Chicago Dock to WestWacker, which provides, in relevant part:

[Pacific] hereby agrees to consent...to the transfer of the Kraft Site...Pacific hereby agrees to waive the assumption fee of one percent (1%) of the outstanding principal balance of its loan to Chicago Dock in connection with the Consent given herein; provided, however, such waiver is on a one-time only basis and the provision of Paragraph 17 of the Mortgage and the corresponding provisions of the Note shall remain in full force and effect following this Consent.

At the time, WestWacker asserted that the Consent Agreement was not ambiguous and that the parties intended to retain the Transfer Right so that the property could be sold and the Loan reassigned. Alternatively, Pacific believed that the language was ambiguous, and that in order to give it meaning, parol evidence was necessary to establish the intent of the parties. After reviewing the Note, Paragraph 17 of the Mortgage, and the Consent Agreement, we determined that the last phrase of the Consent Agreement[2] was ambiguous and that parol evidence was necessary to

---

[2] "The provision of Paragraph 17 of the Mortgage and the corresponding provisions of the Note shall remain in full force and effect following this Consent."

establish the parties shared understanding of the agreement. After a thorough review of extrinsic evidence, we determined that the parties understood that the initial transfer of the Loan from Chicago Dock to WestWacker had exhausted the Transfer Right contained in Paragraph 17 of the Mortgage. As such, we held that Pacific did not breach the Loan by refusing to consent to a second transfer of the Loan to MCL CDC in January 2004.

Within the time permitted by Rule 59, WestWacker brought the instant motion, contending, first, that this court erred in determining that the last phrase of the Consent Agreement mentioned above was ambiguous, and, second, that the extrinsic evidence the court considered to determine the parties intentions presented a genuine issue of material fact precluding summary judgment.

## LEGAL STANDARD

Fed.R.Civ.P. 59(e) motions to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, "it is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606. A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party

to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir. 1999) *quoting Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

## DISCUSSION

WestWacker's Rule 59(e) motion does not present this court with any manifest errors of fact or law, nor does it present newly discovered evidence. Rather, it reiterates its *prior* position in its motion for summary judgment that the Consent Agreement was ambiguous and it argues a *new* position that the extrinsic evidence the court used to determine the intent of the parties created a question of fact. A Rule 59(e) motion does not allow parties to "rehash previously rejected arguments," and it "does not allow parties to present new arguments." *Evans v. Ashburn*, 67 Fed.Appx. 938, 939 (7th Cir. 2003); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247 (7th Cir. 1995). WestWacker previously argued that the Consent Agreement was unambiguous and its attempt to argue the same in its Rule 59(e) motion is improper.

WestWacker's attempt to present a new argument in its Rule 59(e) motion is also not proper. WestWacker submits that even though it did not present an extrinsic evidence argument in its cross-motion for summary judgment, it should be allowed to present it now because our ruling was "outside the adversarial issues presented to the Court by the parties." WestWacker contends that because Pacific never argued

that the Consent Agreement was ambiguous, it never had the chance to argue that the extrinsic evidence the court reviewed in determining the parties' intent created a genuine issue of material fact. WestWacker's argument is not accurate; Pacific did contend that the language of the Consent Agreement was ambiguous. As such, WestWacker had an opportunity to argue its current position regarding the extrinsic evidence the court reviewed in its cross-motion for summary judgment. Our ruling was not outside the adversarial issues presented to the Court by the parties and WestWacker's attempt to bring the argument now is inconsistent with Rule 59(e).

## CONCLUSION

For the foregoing reasons, WestWacker's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: November 14, 2007