UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTWACKER K-PARCEL LLC<br>and WESTWACKER HOLDINGS, LLC,<br><br>               Plaintiffs,<br><br>  vs.<br><br>PACIFIC MUTUAL LIFE<br>INSURANCE CO.,<br><br>               Defendant. | 05 C 4988 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Plaintiffs WestWacker K-Parcel, LLC, and WestWacker Holdings, LLC (collectively, "WestWacker")'s motion to file a second amended complaint. For the following reasons, WestWacker's motion is denied.

## BACKGROUND

WestWacker filed its two-count amended complaint against Defendant Pacific Life Insurance Co. ("Pacific") on October 31, 2005. Count I of WestWacker's complaint alleged a breach of contract claim against Pacific and Count II sought a declaratory judgment on the legality of the prepayment provision in the parties'

contract (the "Contract"). WestWacker subsequently filed a motion for summary judgment on both counts in October 2006.

WestWacker's arguments concerning Count II of its complaint were based in part on the District Court's analysis in *River East Plaza, LLC v. The Variable Annuity Life Insurance Co.*, 2006 WL 2787483 (N.D. Ill. Sept. 22, 2006). While we were considering WestWacker's motion for summary judgment, the Seventh Circuit reversed the District Court's holding in *River East*. 498 F.3d 718 (7th Cir. 2007). After determining that the Seventh Circuit's decision negated its summary judgment arguments concerning its declaratory judgment claim, WestWacker requested leave to withdraw Count II of its first amended complaint. We subsequently dismissed Count II of WestWacker's first amended complaint without prejudice and ruled in Pacific's favor on Count I.

WestWacker filed a Rule 59(e) motion seeking to amend our summary judgment decision concerning Count I of its first amended complaint, which we denied on November 14.

On December 13, WestWacker filed the instant motion for leave to file a second amended complaint, again seeking a declaration on the legality of the prepayment provision in the Contract.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 sets out the guidelines concerning amended pleadings. A party may amend its complaint once as a matter of course but must obtain the opposing party's written consent or the court's leave to do so a second time. Fed. R. Civ. P. 15(a)(2). "The decision on whether to allow the amendment is within the discretion of the court." *Forman v. Davis*, 371 U.S. 178, 182 (1962). A court "should freely give leave [to file a second amended complaint] when justice so requires." *Id.* Such liberal construction of the federal rules regarding amendments allows courts to decide cases "on the merits rather than on bare pleadings." *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961).

When the defendant has alleged that "the complaint as amended would fail to state a claim, the court should deal with the issue on the motion for leave to amend, rather than mechanically allowing the amendment and forcing the defendant to go through the formality of instituting a distinct Rule 12(b)(6) motion." *Gutirrez v. Vergari*, 499 F. Supp. 1040, 1045 (D.C.N.Y. 1980).

Rule 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as

true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we will consider the instant motion.

## DISCUSSION

Pacific argues that we should deny WestWacker's proposed second amended complaint because it fails to meet the standards set forth in Rule 12(b)(6). As such, the relevant issue at this time is whether WestWacker's allegations support a declaratory judgment that the prepayment provision contained in the Contract constituted a penalty clause.

WestWacker's proposed second amended complaint alleges that the prepayment provision constitutes a penalty clause because its sole purpose was to secure performance of the Contract. The prepayment provision in the Contract states:

Maker may prepay this Note in full, but not in part, upon payment of a prepayment premium equal to the greater of:

(I) the "Loss of Yield" to Lender for the period from the date of prepayment through the Maturity Date; and

(ii) one percent (1%) of the outstanding principal amount hereunder as of the date of prepayment.

"Loss of Yield" shall mean that amount determined by multiplying

(a) the positive difference, if any, obtained by subtracting from the Interest Rate a rate equal to the most current week's average "Treasury Constant Maturities" percentage for the period most equal to, but not less than, the number of years remaining prior to the Maturity Date in the latest published index (as calculated by the U.S. Treasury...) prior to the receipt by Lender of Maker's notice of intended prepayment, by

(b) the outstanding principal amount hereunder as of the date of prepayment, by

(c) one-twelfth (1/12th) and by

(d) the number of months remaining from the date of prepayment through the Maturity Date....

WestWacker alleges that this prepayment provision constituted a penalty because it failed to: 1) take into consideration the declining balance of the principle amount over time or 2) reduce the prepayment amount to account for the present value of money.

Pacific argues that WestWacker's arguments are without merit and that its proposed second amended complaint fails to state a cognizable claim because it contains allegations identical to those that the Seventh Circuit rejected in *River East*. Pacific is correct; the prepayment provision in the Contract mirrors the prepayment provision contained in the contract between the parties in *River East*:

    (a)    [Plaintiff] shall have the right to prepay the entire outstanding unpaid principal balance (but not any lesser amount except as permitted in Paragraph 4(b) herein) of this Note, together with interest of the unpaid principal balance hereof then outstanding, on any regular monthly installment date for the payment of principal and interest hereunder, provided that...

        (iii)    such prepayment is accompanied by a prepayment fee in an amount equal to the lesser of

    (x)    an amount which, when added to all the other sums received, charged, or contracted for by [Defendant] which are interest or are deemed to be interest by applicable law, does not exceed the Maximum Lawful Rate or

    (y)    the greater of an amount calculated as set forth in Paragraphs (1) or (2) (as applicable), below:

        (1)    at the time of receipt by [Defendant] of the Notice, the difference between

            (a)    the then present value of all unpaid installments of principal and interest due and payable under this Note, calculated from the date of the proposed prepayment to the Maturity Date, discounted at the *"Reinvestment Rate"* (as hereinafter defined) and

>     (b) the outstanding principal balance under this Note on the date of the proposed prepayment; or
>
> (2) one percent (1%) of the then outstanding principal balance of this Note.
>
> As used in this Note, *"Reinvestment Rate"* shall be the yield to maturity on a United States Treasury bond or note (the choice of which security to be used for such purposes being in the sole discretion of [Defendant])...

*River East*, 2006 WL 2787283 at *2-3.

The prepayment provision in *River East* and the one in the instant case are calculated in the same way. More specifically, both prepayment provisions result in Total #4, which is the numerical value that results from the following calculation:

Total #1: (Contracted interest rate) - (Treasury Rate)

Total #2: (Total #1) X (the outstanding principal amount as of the date of prepayment)

Total #3: (Total #2)/(12 months)

Total #4: (Total #3) X (remaining number of months from the date of prepayment through the Maturity Date of the loan)

*River East*, 2006 WL 2787483 at *2-3.

The fact that these two prepayment provisions are calculated in the very same way lends credence to Pacific's assertion that we should deny WestWacker's proposed second amended complaint because it alleges the same theories that were rejected by the Seventh Circuit in *River East*. 498 F.3d at 723.

Nonetheless, WestWacker argues that *River East* is not applicable because the Seventh Circuit in *River East* did not address WestWacker's current theory that the prepayment provision of the Contract constituted a penalty because it failed to: 1) reduce the prepayment to a present value or 2) take into consideration the declining interest payments over the life of the loan.

We are not convinced by either of WestWacker's arguments. First, the District Court's decision in *River East* discussed one of the litigant's contentions that a prepayment provision constitutes a penalty if it does not discount the prepayment interest to a present value. 2006 WL 2787483 at *10. While the Seventh Circuit in *River East* did not specifically discuss the fact that the prepayment provision in that case did not reduce the prepayment amount to a present value, it undoubtedly reviewed the District Court's analysis regarding the issue and still found that the prepayment provision was not a penalty. Such a finding demonstrates that prepayment provisions that do not reduce the prepayment amount to a present value, like the one contained in the Contract, are not *per se* penalties.

We also find no merit in WestWacker's second contention that it should be allowed to amend its complaint because *River East* did not address its new theory that a prepayment provision constitutes a penalty clause if it fails to take into consideration the declining interest payments over the life of the loan. First, the prepayment rovision

in *River East* provided an acceleration clause like the one in the instant case, which the Seventh Circuit ultimately found was not a penalty. 2006 WL 2787283 at *2-3. Second, acceleration clauses, like the one mentioned above, are lawful. *See Zwayer v. Ford Motor Credit Co.*, 665 N.E.2d 843 (Ill. App. 1996). Consequently, this argument also proves to be futile.

## CONCLUSION

For the foregoing reasons, WestWacker's motion to amend pursuant to Rule 15(a)(2) is denied.

Charles P. Kocoras
United States District Judge

Dated: March 3, 2008